UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Admiralty

GEICO MARINE INSURANCE      Case No.:
COMPANY,

    Plaintiff,

vs.

COREY BRINSON and
TIFFANY PIERCE,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, GEICO Marine Insurance Company ("GEICO Marine"), through undersigned counsel, sues the Defendants, Corey Brinson and Tiffany Pierce ("Brinson" and "Pierce" or "Defendants"), for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and alleges as follows:

1. GEICO Marine files this action to obtain a judicial determination of the parties' rights and obligations under GEICO Marine Policy BUS6314743 issued to Brinson and Pierce for the policy period from July 15, 2019 to July 15, 2020 (the "Policy").

2. The Policy attached to this complaint as Exhibit "A" is a true and correct copy of the Policy issued by GEICO Marine to Brinson and Pierce.

3. An actual and justiciable controversy exists concerning the parties' respective rights, duties and obligations under the Policy.

4. Specifically, GEICO Marine seeks a declaratory judgment determining that the Policy is void *ab initio* and does not provide coverage for the alleged theft of Defendant's vessel.

5. Defendants claim the Policy does provide coverage for the alleged theft of their vessel.

## The Parties

6. GEICO Marine is an insurance company authorized to transact insurance business in the State of Florida.

7. Brinson and Pierce are husband and wife and reside in this District.

## Jurisdiction and Venue

8. This case falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

9. Marine insurance policies, like the Policy GEICO Marine issued to Brinson and Pierce are maritime contracts subject to this Court's admiralty jurisdiction.

10. The Policy contains a choice of law clause which requires the application of federal admiralty law or, in the absence of controlling federal admiralty law, the law of the State of Florida.

11. GEICO Marine designates this claim as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

12. GEICO Marine invokes the provisions of Rules 9(h), 38(e) and 82 of the Federal Rules of Civil Procedure.

13. A substantial part of the events or omissions giving rise to this suit occurred in Volusia County, Florida as more fully alleged below.

### Facts

14. In early July of 2019, Brinson and Pierce visited the Bossman Boats, LLC ("Bossman") factory in Edgewater, Florida.

15. While visiting the Bossman factory, Brinson and Pierce entered into an oral contract with Bossman to purchase a 2020 Bossman Tortuga (the "Vessel"), subject to their ability to obtain financing.

16. At the time the Defendants entered into the contract with Bossman, the Vessel had not yet been built.

17. Delivery of the Vessel was expected to occur at the Bossman factory in Edgewater, Florida within eight (8) to ten (10) weeks once construction was completed.

18. Bossman subsequently issued invoice 1883 dated July 7, 2019 describing the Vessel and its corresponding equipment.

19. A true and correct copy of the Bossman invoice is attached as Exhibit "B".

20. On July 14, 2019, Brinson and Pierce telephoned GEICO Marine to obtain insurance for the Vessel.

21. During the telephone call with GEICO Marine, Brinson and Pierce provided the following information:

    (a) The Vessel was constructed of fiberglass.

    (b) The Vessel had a 2019 60 horse power motor.

    (c) The Vessel had hull identification number BOM00255J920.

 (d) The Vessel was purchased on July 15, 2019.

 (e) The purchase price for the Vessel was $32,000.00.

 (f) The Vessel is stored on a trailer.

 (g) The Vessel has not been modified.

 (h) The Vessel is sound and seaworthy.

22. Brinson and Pierce did not tell GEICO Marine that the Vessel was nonexistent because it had not yet been constructed when they applied for insurance.

23. Brinson and Pierce did not tell GEICO Marine that construction of the Vessel was expected to take eight (8) to ten (10) weeks to complete.

24. Based upon the information provided by Brinson and Pierce, GEICO Marine issued the Policy.

25. Although Brinson and Pierce expected construction of the Vessel to be completed sometime in October of 2019, it was not.

26. Brinson and Pierce telephoned Bossman in November of 2019 to inquire when the Vessel would be completed and were told that it would probably be another two (2) weeks.

27. In approximately December of 2019, Bossman's principal, Richard Turner, passed away and the business closed its doors.

28. Brinson and Pierce were unable to reach anyone at Bossman to determine the status of their Vessel or to secure delivery of the Vessel.

29. On March 2, 2020, Brinson and Pierce filed a claim with GEICO Marine claiming the Vessel had been stolen.

30. Brinson and Pierce have never actually seen the Vessel, although Bossman provided them two (2) photographs which were represented to be the hull of the Vessel.

31. Copies of the photographs alleged to depict the hull of the Vessel are attached as Exhibit "C."

32. GEICO Marine has denied the claim and rescinded the Policy.

### Count I – Uberrimae Fidei

33. GEICO Marine restates the allegations in paragraph 1 through 32 and further alleges as follows:

34. Marine Insurance policies like the Policy in this case are subject to the maritime doctrine of *Uberrimae Fidei* (the utmost good faith), which requires an insured to fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk even if the insurer does not specifically request the information.

35. If an insured misrepresents or fails to disclose facts material to a marine risk, the misrepresentation or omission voids the policy even if it was accidental or the result of negligence.

36. Brinson and Pierce failed to disclose to GEICO Marine that the Vessel for which the Policy was issued (a) did not yet exist, (b) was unbuilt and (c) was not expected to be finished until some eight (8) to ten (10) weeks after issuance of the Policy.

37. Brinson and Pierce also misrepresented that the Vessel was sound and seaworthy at the time they applied for insurance when, in fact, it was not.

38. These omissions and misrepresentations were material to the risk.

39. If Brinson and Pierce had told GEICO Marine the true condition of the boat, they would have been told that GEICO Marine does not offer insurance for boats being built and that what they needed was a Boat Builders policy which GEICO Marine does not offer.

40. The omissions and misrepresentations made by Brinson and Pierce violate the doctrine of *Uberrimae Fidei* and render the policy void *ab initio*.

WHEREFORE, GEICO Marine respectfully requests that this Court enter a declaratory judgment declaring the policy void *ab initio*, finding that it does not provide coverage for the alleged theft and awarding further relief deemed proper under the circumstances.

## Count II – Fraud And Concealment

41. GEICO Marine restates the allegations in paragraph 1 through 32 and further alleges as follows:

42. The fraud and concealment provision in the general conditions section of the Policy provides "[t]here is no coverage from the beginning of this policy if an **"insured"** has omitted, concealed, misrepresented, sworn falsely or committed fraud in reference to any material matter relating to this insurance before or after any loss."

43. Brinson and Pierce failed to tell GEICO Marine that the Vessel they sought to insure (a) did not yet exist, (b) was unbuilt and (c) was not expected to be finished until some eight (8) to ten (10) weeks later when they applied for insurance.

44. Brinson and Pierce misrepresented that the Vessel was sound and seaworthy when they applied for insurance.

45. The omissions and misrepresentations made by Brinson and Pierce breached the fraud and concealment clause in the policy, as a result of which the Policy is void and there is no coverage for the alleged theft.

WHEREFORE, GEICO Marine respectfully requests that this Court enter a declaratory judgment declaring the policy void *ab initio*, finding that it does not provide coverage for the alleged theft and awarding further relief deemed proper under the circumstances.

### Count III – Absolute Warranty of Seaworthiness

46. GEICO Marine restates the allegations in paragraph 1 through 32 and further alleges as follows:

47. Under the maritime law applicable to the Policy, there is an absolute implied warranty of seaworthiness under which an insured warrants that a vessel is seaworthy at the time the insurance attaches.

48. Under the absolute implied warranty of seaworthiness, if a vessel is unseaworthy when the policy issues, the warranty is breached regardless of whether the insured had knowledge of the unseaworthy condition or was somehow at fault in causing or contributing to that condition.

49. Violation of the absolute implied warranty of seaworthiness voids the policy altogether, regardless of whether the unseaworthy condition contributed to the loss.

50. The Vessel was unseaworthy at the inception of the policy, because it had not yet been built and was incapable of being used as a vessel.

51. Because Brinson and Pierce breached the absolute implied warranty of seaworthiness, the policy is void *ab initio* and does not provide coverage for the theft claim they have asserted.

WHEREFORE, GEICO Marine respectfully requests that this Court enter a declaratory judgment finding that the policy is void *ab initio* and does not provide coverage for the claims asserted by the Defendants and award further relief deemed proper under the circumstances.

Respectfully submitted,

GRAYROBINSON, PA
Attorneys for Plaintiff, GEICO Marine
Insurance Company

/s/ Ted L. Shinkle
Ted L. Shinkle, Esq.
Florida Bar No.: 0608051
1795 West NASA Blvd.
Melbourne, FL 32901
Telephone: (321) 727-8100
Facsimile: (321) 984-4122
Email: ted.shinkle@gray-robinson.com
Secondary: jodi.aliano@gray-robinson.com